## Commonwealth v. Bitting

*Nicholas H. Larzelere, 2d,* for Commonwealth.
*Leon H. Fox,* for defendant.

KNIGHT, P. J., November 19, 1954.—Defendant is charged in a bill of indictment with: (1) Failure to exhibit operator's license and to give identification at scene of motor vehicle accident, and (2) failure to render assistance. The latter charge was withdrawn by the district attorney. The undisputed facts are these:

On the night of September 24, 1954, between 11 and 12 p.m. defendant was driving his automobile south on Route 309 in this county. At a spot in front of the Cottage Diner at Montgomeryville defendant's car struck a woman by the name of Carolyn Cressman, inflicting upon her injuries which caused her instant death. Defendant stopped within a distance of from 25 to 50 feet, went back and helped carry the body of the woman to the side of the highway, and then went into the diner for the purpose of calling an ambulance, but was told that an ambulance had been called. Then defendant returned and either covered or helped to cover the body of the woman with a blanket. Defendant became violently ill and went into the men's room in the diner where he tried to vomit but without success. He did not disclose his identity to anyone at the scene but the license number of his car

had been written down by a bystander. When the police arrived, a teletype message was sent out and defendant was arrested about one hour later at his home in Chester County. There is not a scrap of evidence that defendant did anything improper in the operation of his motor vehicle; on the contrary, witnesses following defendant said he was driving at a speed of from 25 to 30 miles per hour when the accident occurred. Defendant's statement to Chief Chapman as to why he did not await the coming of the police and did not leave his name and address at the diner was that he was shocked, upset and confused and that he felt sick and wanted to get home.

Defendant was charged with involuntary manslaughter, but the grand jury quite properly ignored that charge.

The only question then before us is whether defendant is guilty of a failure to exhibit operator's license and to give identification at the scene of a motor vehicle accident. This calls for an examination of section 634(b) of The Vehicle Code of May 1, 1929, P. L. 905, as amended. This section provides:

"The driver and owner, if present, of any vehicle involved in any accident, resulting in injury or death to any person or damage to property, shall give his name, address, and the registration number of his vehicle, and exhibit his operator's license to the person struck, or the driver or occupants of any vehicle involved, or the owner or custodian of any property involved, unless the person struck, or the driver of the vehicle or the custodian of the property involved, signifies that no injuries have been received or damages sustained, and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment, if it is apparent that such treatment is necessary, or is requested by the injured person."

The act commands that the operator of a motor vehicle involved in an accident "shall give his name, address and the registration number of his vehicle and exhibit his operator's license to the person struck." Here the person struck was dead and it was impossible to comply with this command of the act. The act seems to contemplate cases in which the person struck was dead or unconscious for it provides "or the driver or occupant of any vehicle involved." Here there was no other vehicle involved. The act further provides "or the owner or custodian of any property involved." Here the only property involved was the clothing of the dead woman and here again it was impossible to comply with the directions of the act.

Defendant made a mistake in failing to remain at the scene of the accident until the officers of the law arrived or in failing to give his name and address to a bystander or leave it with those in charge of the diner, but the act does not require this, and being a criminal statute it must be strictly construed.

In criminal cases the intent of the accused plays an important, if not a vital, part. We are convinced in this case defendant had no intent to violate the law. He remained at the scene of the accident for about 10 minutes and we are confident that, if asked, he would have readily disclosed his name and address to anyone there. He made no attempt to conceal his identity and we can understand how shocked, upset and sick he became by being involved in this tragic event.

Under section 761(a) of The Vehicle Code it was the duty of defendant to report the accident within 24 hours, but he arrived at his home after midnight and we cannot presume that he did not intend to make the report required; in fact, the presumption is just the opposite.

This appears to be a case of first impression in Pennsylvania; at least, the industry of the district attorney's office and counsel for the defense has failed

to disclose any case on identical or even similar facts, nor have we, after a limited search, been able to find such a case. But, see the well-considered opinion of Judge Dannehower in Commonwealth v. Moore, 63 D. & C. 193. We are of the opinion that defendant must be found not guilty and the county required to pay the costs.

And now, November 19, 1954, the motion for binding instructions is allowed, defendant is found not guilty. Costs to be paid by the County of Montgomery.